# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI PARTOVI, | ) |
| | ) Civil Action No. 11 - 1299 |
| Petitioner, | ) |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) |
| JANET NAPOLITANO, Secretary of U.S. | ) |
| Department of Homeland Security; KATRINA | ) |
| KANE, Field Office Director, U.S. Immigration | ) |
| & Customs Enforcement (ICE); and ERIC H. | ) |
| HOLDER, JR., U.S. Attorney General, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM ORDER**

Petitioner, Ali Partovi, filed a Petition for Writ of Habeas Corpus in this Court on October 11, 2011 wherein he is challenging an impending deportation/removal order. Petitioner is confined in the Florence Correctional Center located in Florence, Arizona.

A prisoner seeking a writ of habeas corpus must bring the petition against his custodian. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-495 (1973). Moreover, there generally is only one proper respondent to a prisoner's habeas petition. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). This custodian is the person with the ability to produce the prisoner's body before the habeas court, typically, the warden of the facility where he is incarcerated. *Id. See also* Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986); United States ex rel. Sadiku v. INS, Civil No. 95 C 1487, 1995 WL 215050, at *3 (N.D. Ill. Apr. 11, 1995) (stating that custodian is either the INS District Director responsible for the district of confinement or the warden of the detention facility).

Thus, a § 2241 habeas petition only may be filed in the district court having territorial jurisdiction over the place where the petitioner is incarcerated or otherwise physically present in

custody. Where a § 2241 petition is filed elsewhere, it may be and usually is transferred to the district of actual custody under the doctrine of *forum non conveniens*. Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir. 1988). *Accord* McCoy v. U.S. Bd. of Parole, 537 F.2d 962 (8th Cir. 1976) (holding that a District Court has full power under 28 U.S.C. § 1404(a) to transfer the case to a more appropriate district, provided the suit could have been brought there in the first instance).

As Petitioner currently resides in Arizona, this Court will transfer this action to the United States District Court in Arizona. An appropriate order follows.

**AND NOW**, this 20th day of October, 2011;

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1404(a), the Clerk of Court **TRANSFER THIS ACTION FORTHWITH** to the United States District Court for the District of Arizona.[1]

By the Court:

/s Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

cc: Ali Partovi
A #976-282-295
Florence Correctional Center
Immigration Jail
1100 Bowling Road
Post Office Box 6900
Florence, AZ D85132

---

1. I am empowered to issue this transfer order, which is non-dispositive, without the approval of the District Court. *See* Scheafnocker v. Commissioner of Internal Revenue Service, Civil No. 08-2655, __ F.3d ___, 2011 WL 1467198, 11 n.6 (3d Cir. April 19, 2011).